```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
V.                            §
                              §     No. 4:14-CR-151-Y
                              §
JESUS LEDEZMA-CEPEDA (1)      §
JESUS LEDEZMA-CAMPANO (2)     §
```

## COST MANAGEMENT ORDER

Recently, the Court appointed counsel J. Warren St. John and Stephen E. Gordon to assume representation of defendants Jesus Ledezma-Cepeda and Jesus Ledezma-Campano, respectively. Because this is a capital-eligible prosecution, the following shall apply to appointed counsel's representation:

1. Hourly Rates

Lead appointed counsel shall be compensated at the rate of $180 per hour. If the government elects not to seek the death penalty, the hourly compensation rate for counsel shall thereafter be adjusted to the current non-capital rate.

2. Budgeting

No later than January 6, 2015, counsel shall file a proposed budget for attorney time and expenses and for investigative, expert, or other service providers reasonably expected to be incurred during the "pre-authorization" stage of the case, i.e., prior to the government's decision whether to seek the death penalty. Consult Admin. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol 7, Pt. A, § 640. A separate budget will be

required if the government elects to seek the death penalty. Budgeting worksheets may be obtained through the website of the Defender Services Office ("DSO"), www.fd.org. Counsel are strongly encouraged to consult the DSO website, www.capdefnet.org, for additional resources and support, including contact information for capital resource counsel.

In addition to the budgeting worksheets, counsel should prepare a declaration explaining the assumptions underlying the proposed budget for attorney time and identifying why any requested investigative, expert, or other assistance is "reasonably necessary for the representation" of Defendant.  See 18 U.S.C. § 3599(f). Counsel should be prepared to discuss the proposed budget should the Court opt to meet with counsel *ex parte*.  Any budget request for attorney compensation in excess of $100,000 must be reviewed and approved by the Chief Judge of the Fifth Circuit. See Judicial Council of the Fifth Circuit, *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases*, Feb. 1, 2005.

In preparing a proposed budget, counsel must seek to reduce the duplication of effort among the defense teams, provided it is consistent with each attorney's obligation to his client. For example, it may be cost-effective to share a service provider and have one attorney act as liaison to that shared service provider. Or it may be cost-effective to have one attorney take the principal

2

role in researching and writing certain motions. Furthermore, counsel must consider the use of lower costing, well-qualified associates, paralegals, investigators, and other service providers in lieu of having appointed counsel perform certain tasks, where doing so would save money or time and not compromise a defendant's representation.

3. <u>Confidentiality</u>

Because the information required by the Court from counsel to develop a budget is likely to be protected by the attorney-client privilege or the attorney work-product doctrine, all documents relating to case budgeting shall be filed *ex parte* and under seal, without service on the government.

4. <u>Submission of Attorney Vouchers</u>

Counsel may seek interim payments quarterly using the Court's automated Attorney Timekeeping System ("ATS"). The ATS can be accessed through the Court's website at www.txnd.uscourts.gov (under "Attorney Info" and then "CJA Attorney Information"). All interim vouchers must be supported by detailed, itemized time and expense statements to permit meaningful review. Aggregate, vague, or ambiguous worksheet entries will not be approved for payment.

The Court will review the interim voucher when submitted and will authorize reasonable compensation within the approved budget. Twenty percent of the amount approved for fees must be withheld as retainage. Reimbursable expenses reasonably incurred by counsel

may be paid in full. The amounts withheld must be requested through the final voucher submitted by each counsel, and each final voucher must be submitted for circuit approval before payment. **Counsel are advised that voucher review will be undertaken only after both counsel for a particular defendant (if a second counsel is appointed) have submitted vouchers for the same period.**

Therefore, no later than **January 6, 2015**, counsel shall file an ex-parte proposed budget for attorney time and expenses and for investigative and expert service providers reasonably expected to be incurred during the pre-authorization stage of the case.

The Clerk of Court shall file and maintain counsel's proposed budget under seal.

SIGNED October 22, 2014.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/ks:chr

4